**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

| | | |
|---|---|---|
| OLEN E. GIBSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 07-813-CV-W-DW |
| KANSAS CITY POWER & LIGHT | ) | |
| COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Plaintiff originally appeared in front of this Court on January 24, 2005. Plaintiff worked for Kansas City Power and Light ("KCPL") from approximately April, 1995 to September, 2006. His complaint alleged various employment claims against KCPL and Great Plains Energy ("GPE"). On May 25, 2005, this Court found that Plaintiff had entered into a valid and binding contractual agreement to arbitrate his employment claims. The Court thus granted defendants' motion to compel arbitration and stayed the case pending arbitration.

In addition to the claims in front of this Court, Plaintiff brought numerous other claims, via EEOC complaints or internal ACCESS Arbitration requests, regarding his employment conditions. On October 25, 2006, an arbitrator ruled in favor of KCPL and GPE as to all of Plaintiff's employment claims from March 2004 until his termination. Given the binding arbitration judgment, the Court dismissed the lawsuit with prejudice.

On October 26, 2007, Plaintiff Olen Gibson again filed a Title VII Complaint in the Western District of Missouri. Plaintiff seeks damages against the Defendants since they "discriminated, harassed, sexually harassed, threatened, created a hostile work environment,

wrongful termination, for filing a discrimination complaint with EEOC, Human Rights, and retaliated against Plaintiff because of his race, African-American, age, and for having objected to Defendant's discriminatory treatment." The actions which resulted in the alleged discrimination all purportedly occurred between 1997 and September, 2006.

Defendants move for dismissal under Federal Rule of Civil Procedure 12(b)(6). A complaint is properly dismissed for failing to state a claim when the plaintiffs can prove no set of facts that would entitle them to relief. In re Canadian Imp. Antitrust Litig. Eileen Iverson, 470 F.3d 785, 788 (8th Cir. Minn. 2006).[1]

### Title VII Claims

### Title VII Claims Against Individual Defendants

Supervisors and co-workers cannot be held individually liable under Title VII. Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 447 (8th Cir. 1997) (Title VII claims against supervisors); Smith v. St. Bernards Reg. Med. Ctr., 19 F. 3d 1254, 1255 (8th Cir. 1994) (Title VII claims against co-workers). Accordingly, the Title VII claims against David Bodde, Linda Talbott, William Nelson, Mark Ernst, Luis Jimenez, William Hall, Randall Ferguson, Jr., James Mitchell, Robert West, William Downey, Micheal J. Chesser, Lori Wright, Lora Cheatum, Terry Bassham, Jennifer Butler, Gerald Reynolds, Mark English, William Riggins, Larry Rute[2] and Don Prophete are all DISMISSED.

---

[1]While consideration of matters outside of the pleadings normally renders a motion to dismiss into one for summary judgment, consideration of the arbitrator's decision does not have the effect in this case since it was attached to the Amended Complaint, albeit in an altered form, and is a public document. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. Minn. 1999).

[2]While Defendants Larry Rute, ACCESS and Don Prophete are not employees of KCPL and GPE, it appears that Plaintiff's Title VII claim against them arises out of actions taken by these Defendants "on behalf of" Defendants KCPL and GPE. Plaintiff thus appears to

**Title VII Gender Complaints**

To the extent that Plaintiff's Complaint states a claim for gender discrimination, those claims are DISMISSED. Plaintiff's EEOC documents show that he only raised discrimination based on race, retaliation, and age. He failed to raise gender discrimination and has thus failed to exhaust his administrative remedies. Further, as discussed in more detail below, Plaintiff could have, but chose not to, raise these gender discrimination claims during arbitration. Accordingly, they are DISMISSED.

**Title VII Claims Against KCPL and GPE**

Defendants argue that res judicata, claim preclusion, bars Plaintiff's Title VII claims. "Res judicata applies to prevent repetitive suits involving the same cause of action." Ripplin Shoals Land Co., LLC v. U.S. Army Corps of Engineers, 440 F.3d 1038, 1042 (8th Cir. 2006). In determining whether res judicata applies, the Court considers three elements: "(1) whether the prior judgment was entered by a court of competent jurisdiction; (2) whether the prior decision was a final judgment on the merits; and (3) whether the same cause of action and the same parties or their privies were involved in both cases." Id.

Here there is a final judgment on the merits by a court of competent jurisdiction. See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Nixon, 210 F. 3d 814 (8th Cir. 2000) ("[w]e have specifically held that an arbitrator's award constitutes a final judgment for the purposes of collateral estoppel and res judicata.") (abrogated in part on other grounds by E.E.O.C. v. Waffle House, Inc., 534 U.S. 279, 285 (2002).).

The question then becomes whether Plaintiff's allegations involve the same cause of action and the same parties or their privies. Both Defendants KCPL and GPE were parties to the

characterize them as independent contractors of Defendant.

arbitration award. Second, the arbitrator resolved all of Plaintiff's employment claims from March 2004 until his termination in favor of KCPL/GPE. Res judicata thus bars Plaintiff's claims formerly resolved by the arbitrator.

Once the three res judicata elements are met, parties are bound "not only to every matter which was offered and received to sustain or defeat the claim or demand, but as to any other admissible matter which might have been offered for that purpose." See Ripplin, 440 F.3d 1042. Plaintiff is thus barred against relitigating claims involving alleged employment discrimination considered by the arbitrator. See Banks v. Int'l Union Elec., Elec., Tech., Sallaried & Mach. Workers, 390 F.3d 1049, 1052 (8th Cir. 2004). Since Plaintiff's remaining employment discrimination allegations all arise out of the same nucleus of operative facts as the claims considered by the arbitrator, they are also dismissed. See Ripplin, 440 F.3d at 1042.

### Title VII Access Claims

Plaintiff also states claims against Defendant ACCESS Program ("ACCESS"). ACCESS is Defendant KCPL's dispute resolution program. Many of Plaintiff's complaints regarding the program were raised and discussed by the arbitrator. Those that were not, arise out of the same nucleus of operative facts and are barred and dismissed. See Banks, 390 F.3d at.

### Section 1981 and Missouri Human Rights Act Claims Against All Defendants

Similar to the Title VII claims discussed above, Plaintiff's Section 1981 and Missouri Human Rights Act claims were raised and settled in arbitration. Accordingly, they are dismissed for the reasons discussed above.

### Service Letter Claim

Plaintiff finally states a claim arising out of the service letter Defendants sent Plaintiff on or about September 13, 2007. Since Plaintiff's federal question claims are dismissed for the

reasons stated above and diversity jurisdiction does not exist between Plaintiff and the Missouri Defendants, this Court does not have jurisdiction over Plaintiff's Service Letter Claim and it is DISMISSED for lack of subject matter jurisdiction.

### Sanctions

Defendants move for sanctions against Plaintiff. Given Plaintiff's pro se status, however, the Court finds that sanctions are not appropriate. Plaintiff is cautioned that the Court will not be so lenient if he attempts to raise this issue again in federal court. Any further complaints regarding the issues already resolved in arbitration and by this Court will be considered evidence of bad faith by the Plaintiff and sanctions will be deemed appropriate at that time.

Plaintiff's Complaint is therefore DISMISSED WITH PREJUDICE for the reasons stated above. The Clerk of the Court shall mark this case as CLOSED.

Date:\_\_\_\_July 16, 2008\_\_\_\_\_                    _____/s/ Dean Whipple_____
                                                                          Dean Whipple
                                                          United States District Judge